UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRENDA JARCHOW,

    Plaintiff,

v.

Case No. 13-11925
Hon. Lawrence P. Zatkoff

CITIMORTGAGE, INC. and FEDERAL
NATIONAL MORTGAGE ASSOCIATION,

    Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on January 7, 2014

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Plaintiff's Motion to Remand (Docket #17). Defendant filed a timely response to the Motion. The Court finds that the facts and legal arguments pertinent to the Motion to Remand are adequately presented in the parties' papers, and the decision process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. Local R. 7.1(f)(2), it is hereby ORDERED that the Motion to Remand be resolved on the briefs submitted, without this Court entertaining oral arguments.

**II. BACKGROUND**

In this lawsuit, Plaintiff asks the Court to stay state court proceedings and enjoin any attempts of Defendants to remove, evict or eject Plaintiff from a home she has owned in Jackson,

Michigan, since 1995 (the "Property), including ruling the foreclosure of mortgage by advertisement that has occurred to be ineffective, invalid and wrongful. The Property was sold at a foreclosure sale on September 12, 2012 for $75,595.82. The state equalized value of the Property for 2012 was $64,410.00.

### III. ANALYSIS

A federal court has subject matter jurisdiction over a non-federal question case or controversy when the parties are diverse and the amount in controversy exceeds $75,000. 28 U.S.C. §1332. There is no dispute that the parties in this matter are diverse. Plaintiff, however, maintains that the amount in controversy does not exceed $75,000 because she is seeking injunctive relief pursuant to Michigan statutes. Plaintiff acknowledges that, absent a specific monetary claim, the "amount in controversy should be measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977).

Contrary to Plaintiff's assertions otherwise, the object of the litigation is the Property. Though Plaintiff seeks to frame the issues of the litigation in terms of alleged procedural deficiencies by Defendants with respect to the foreclosure, the Court finds that Plaintiff is not simply seeking injunctive relief from those procedural deficiencies. Rather, the "object of the litigation" is to ensure that Plaintiff can retain the Property– because of those procedural deficiencies. Thus, despite the fact that Plaintiff may only be seeking consequential monetary damages, the value of the Property is relevant and necessary in determining the amount in controversy. As the Property sold for more than $75,000 and has an estimated cash value of over $120,000 (as the state equalized value of $64,410.00 is considered to be approximately half of the Property's cash value), the Court finds that the value of the object of the litigation exceeds $75,000.

Based on the foregoing facts and determinations, the Court finds that Defendants have met their burden of demonstrating that the amount in controversy exceeds $75,000. Therefore, as the elements necessary for diversity jurisdiction under Section 1332 have been satisfied, the Court denies Plaintiff's Motion for Remand.

## IV.  CONCLUSION

Accordingly, and for the reasons set forth above, the Court DENIES Plaintiff's Motion for Remand (Docket #17).

IT IS SO ORDERED.

S/Lawrence  P.  Zatkoff<br>
HON. LAWRENCE P. ZATKOFF<br>
UNITED STATES DISTRICT JUDGE

Dated: January 7, 2014