UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRENDA JARCHOW,

    Plaintiff,                       CASE NO. 13-11925
                                          HON. LAWRENCE P. ZATKOFF

v.

CITIMORTGAGE, INC. and FEDERAL
NATIONAL MORTGAGE ASSOCIATION,

    Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on the 2nd day of May, 2014

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendants' Motion to Dismiss (Docket #24). The Motion has been fully briefed. The Court finds that the facts and legal arguments pertinent to the Motion are adequately presented in the parties' papers, and the decision process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. Local R. 7.1(f)(2), it is hereby ORDERED that the Motion be resolved on the briefs submitted by the parties, without this Court entertaining oral arguments. For the reasons that follow, Defendants' Motion to Dismiss is granted in part and denied in part.

**II. BACKGROUND**

This dispute concerns residential real property located in Napoleon Township, Michigan (the "Property"). On October 20, 1995, Plaintiff obtained a loan (the "Loan") in the amount of

$100,000.00 from Standard Federal Bank in order to purchase the Property. As security for the Loan, Plaintiff executed a mortgage (the "Mortgage"). CitiMortgage, Inc. ("CMI") became the mortgagee of record via an assignment recorded on November 18, 2009.

Plaintiff became delinquent on her repayment obligations under the Loan in early 2012, and CMI commenced foreclosure proceedings. On or about May 22, 2012, CMI's designated agent, Potestivo & Associates ("Potestivo"), sent Plaintiff a "Right-to-Modify" letter, as required by M.C.L. 600.3205a(1), to notify Plaintiff of her option to be considered for a possible loan modification. The "Right-to-Modify" letter indicated that Plaintiff should contact either Potestivo or a housing counselor within 30 days to begin the statutory loan modification process. Plaintiff did not contact Potestivo (CMI's designated agent) or a housing counselor. Instead, she directly contacted CMI about a loan modification, and she received an email on July 12, 2012, from a CMI employee that stated, in part: "We appreciate your pursuit of a hardship treatment! My name is Nancy Garcia and I will be your Homeowner Support Specialist throughout the review process, from beginning to end."

CMI began foreclosure of the Mortgage by advertisement in the Jackson County Legal News on June 28, 2012, with a mortgage foreclosure sale scheduled for August 1, 2012. A copy of the foreclosure notice also was taped to the door of Plaintiff's home on the Property. At some point thereafter, Plaintiff called CMI and was informed that the modification application was in order and in process. Over the course of July-September 2012 (including on September 12 and 20, 2012), Plaintiff continued to receive emails from Nancy Garcia, wherein Nancy Garcia requested additional documentation. Plaintiff provided some, and possibly all, of the documents requested from Nancy

Garcia. Plaintiff never received a response from Nancy Garcia or anyone else at CMI indicating whether her application for loan modification had been approved or denied.

Unbeknownst to Plaintiff, on September 12, 2012, the Property was sold to CMI for $75,595.82 at a foreclosure sale. CMI quit claimed the Property to Federal National Mortgage Association ("Fannie Mae") on September 20, 2012. Following the expiration of the statutory redemption period on March 12, 2013, Fannie Mae filed a summary proceeding for the possession of the Property.

Plaintiff filed this three-count action on April 15, 2013 in the Jackson County Circuit Court, wherein she alleges: (1) Count I - Breach of the Michigan Mortgage Foreclosure Statute (no MCL section is identified), (2) Count II - Breach of M.C.L. § 600.3205a, and (3) Count III - Monetary Damages. Plaintiff seeks to, among other things: (a) prevent Fannie Mae from taking possession of the Property, and (b) quiet title in her favor, free and clear from any interest of Defendants. Defendants removed the case to this Court and subsequently filed the instant motion to dismiss Plaintiff's Complaint, relying on Fed. R. Civ. P. 12(b)(6) and 12(c).

### III.  LEGAL STANDARD

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of a plaintiff's claims. The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in the plaintiff's favor. *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577–78 (6th Cir. 1992). While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999). A plaintiff must make "a showing, rather than a blanket assertion of entitlement to relief" and "[f]actual

allegations must be enough to raise a right to relief above the speculative level" so that the claim is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference the defendant is liable for the alleged misconduct." *Id.* at 556. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 696-97 (2009).

In deciding a motion to dismiss pursuant to Rule 12(b)(6), this Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice." 2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.34[2] (3d ed. 2000). If, in deciding the motion, the Court considers matters outside the pleadings, the motion will be treated as one for summary judgment pursuant to Rule 56. *See* Fed. R. Civ. P. 12(d).

In deciding a motion brought under Rule 12(c), the standard is the same as that used in evaluating a motion brought under Fed. R. Civ. P. 12(b)(6). *See, e.g., Stein v U.S. Bancorp*, *et. al*, 2011 U.S. Dist. LEXIS 18357 at \*9 (E.D. Mich. February 24, 2011). As such, the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded factual allegations as true. *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006)

### IV. ANALYSIS

**A.    Counts I and II**

*1.    Redemption Period Expired on March 12, 2013*

Plaintiff alleges that Defendant failed to comply with MCL § 600.3205 with respect to foreclosing on the Property. Under Michigan law, Plaintiff had six months after the September 12,

4

2012, sale of the Property to challenge the foreclosure. *See* MCL § 600.3240(8). Thus, the redemption period on the Property expired on March 12, 2013.

The clearly established applicable law in Michigan is that persons generally have no right to challenge their foreclosure sale after the redemption period expired. *See, e.g., Piotrowski v. State Land Office Bd.*, 302 Mich. 179, 187 (1942); *Overton v. MERS*, 2009 WL 1507342 (Mich.App. May 28, 2009), at *1; *Spartan Distributors, Inc. v. Golf Coast Int'l, L.L.C.*, No. 295408, 2011 WL 1879722, at *3 (Mich. App. May 17, 2011). There are limited exceptions to this established rule of law but, as discussed below, the only exception relied upon by Plaintiffs is based upon alleged fraud or irregularity in the foreclosure sale process.

*2.     Irregularities in the Foreclosure Sale Process*

Under Michigan law, a plaintiff may challenge the foreclosure sale after the expiration of the redemption period by alleging fraud or irregularity in the foreclosure sale process. *See, e.g., Paige v. Kress*, 80 Mich. 85, 89 (1890); *Overton*, 2009 WL 1507342, at *1; *Stein v. U.S. Bancorp*, No. 10-14026, 2011 WL 740537, at *6 (E.D. Mich. Feb. 24, 2011) ("A court has no authority to set aside a properly conducted foreclosure in the absence of a clear showing of fraud, accident, or mistake in the foreclosure proceedings."). Plaintiff asserts that Defendants engaged in fraud or irregularities with respect to handling the foreclosure sale process on the Property because:

1. Under MCL § 600.3205(a)(1)(e), once a borrower makes a request for modification, "foreclosure proceedings will not be commenced until ninety (90) days after the notice is mailed to the borrower[,]" yet Defendants commenced foreclosure proceedings on June 28, 2012.

2. Because Defendants moved forward with the foreclosure even after CMI received a modification application—including having the CMI representative indicate to Plaintiff that her modification application was being reviewed—Defendants failed to comply with the provisions of MCL § 600.3205(a) *et seq*.

3. Such non-compliance with statutory requirements, along with the prejudice to Plaintiff as a result of the foreclosure sale taking place, fulfills the standard of detrimental reliance.

Defendants argue that because Plaintiff failed to contact either a housing counselor or Potestivo, CMI's designated agent, (a) she did not satisfy the statutory requirements, and (b) Defendants had a right to proceed with the foreclosure.

The Court is not persuaded that Plaintiff's cause of action should be dismissed. First, Defendants have not cited any case that holds that a mortgage company can proceed with a foreclosure sale when a plaintiff was engaged in a loan modification process with an employee/agent/representative of the mortgage company, as Plaintiff alleged she was with Nancy Garcia. Second, the Court finds that Plaintiff has sufficiently alleged that there were irregularities in the foreclosure process where an employee/agent/representative of CMI (Nancy Garcia) indicated that she appreciated Plaintiff's "pursuit of hardship treatment" and stated that she would be Plaintiff's "Home Support Specialist" throughout the review process, from beginning to end." This is especially true as Plaintiff has alleged that: (a) she was told her modification application was in order and in process, and (b) Nancy Garcia continued to email and request documentation from Plaintiff from July-September 2012 (including on the day the Property was sold at the foreclosure sale and a week after foreclosure sale).

Finally, if the Court were to dismiss Plaintiff's wrongful foreclosure claims as a matter of law, as Defendants suggest it should, the Court would be establishing poor public policy. In this case, the Court is presented with a person who was (or at least had a good faith belief that she was) engaged in a loan modification process with an employee/agent/representative of CMI, the foreclosing party. Based on Plaintiff's allegations, it would defy both logic and equitable principles to hold that the foreclosing party could conduct a foreclosure sale months after the homeowner began pursuing a loan modification review directly with the foreclosing party and the foreclosing

party: (1) repeatedly represented that it was reviewing Plaintiffs's application for loan modification, (2) made regular requests to Plaintiff for documentation, (3) told Plaintiff that her application was in order and in process, and (4) never notified Plaintiff that her loan modification application had been denied.

For the reasons set forth above, the Court concludes that Plaintiff has stated a claim upon which relief can be granted with respect to Counts I and II. Accordingly, the Court denies Defendants' Motion to Dismiss with respect to Counts I and II.

**B.**     **Claim for Monetary Damages**

In Count III, Plaintiff brings a claim for monetary damages. As Defendants argue, without opposition, a claim of "damages" does not constitute a cause of action; rather, it is a remedy. *See, e.g., Garcia v. Thorne*, 2012 WL 1830206 (W.D. Mich., May 12, 2012). Accordingly, the Court concludes that, in Count III, Plaintiff has failed to state a claim upon which relief can be granted. Therefore, the Court grants Defendants' Motion to Dismiss as to Count III.

## V.  CONCLUSION

Accordingly, and for the reasons set forth above, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (Docket #24) is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.

                                                S/Lawrence P. Zatkoff
                                                LAWRENCE P. ZATKOFF
                                                UNITED STATES DISTRICT JUDGE

**Dated: May 2, 2014**